```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                              |     |                      |
|------------------------------|-----|----------------------|
| **KEVIN HARDING,**           | )   |                      |
|                              | )   |                      |
|     **Plaintiff,** | ) |                      |
|                              | )   | **Civil Action No.** |
|     v.   | )   | **24-10991-WGY**     |
|                              | )   |                      |
| **GOOGLE INC,**              | )   |                      |
|                              | )   |                      |
|     **Defendant.** | ) |                      |

## ORDER

**YOUNG, D.J.**

Plaintiff Kevin Harding, who is representing himself in this action, has filed a civil complaint against "Google Inc." Harding has also filed a motion for leave to proceed in forma pauperis. (Docket # 2).

Upon review of Harding's filings, the Court hereby orders:

1. The motion for leave to proceed in forma pauperis (Docket # 2) is DENIED. In every field of the form used for an in forma pauperis motion, Harding's response is merely a diagonal line, and he does not provide any information about his financial circumstances.

2. This action is DISMISSED as frivolous. A complaint that lacks a basis in law or in fact is subject to sua sponte dismissal as frivolous. See Clorox Co. P.R. v. Proctor & Gamble, 228 F.3d 24, 30-31 (1st Cir. 2000) (a court may dismiss

frivolous claims without prior notice to the plaintiff); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact"). Harding's claim that Google conspired to torture and attempt to murder him lacks any basis in law or in fact.

3.  The Court certifies that any appeal of this order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).[1]

**So ordered.**

/s/ William G. Young
William G. Young
United States District Judge

Dated:    6/14/2024

---

[1] "Good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is frivolous if "no reasonable person could suppose [it] to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).